IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RODNEY K. JUSTIN, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, a federal )<br>corporation DEPARTMENT OF THE )<br>TREASURY; THE INTERNAL REVENUE )<br>SERVICE; THE DEPARTMENT OF )<br>JUSTICE; TITLE 26 U.S.C. §7201; )<br>TITLE 26 U.S.C. §7203; TITLE 26 )<br>U.S.C. § 7851; LEANNA JARRELLS, in )<br>her official capacity; RON BROWN )<br>in his official capacity; BOBBY )<br>MARTENS in his official capacity; )<br>and DOES 1 through 5, inclusive, )<br>)<br>    Defendants. ) | No.: 1:07-cv-02334 |

## **DEFENDANTS' MOTION TO DISMISS**

The United States, the Department of the Treasury, the Internal Revenue Service, the Department of Justice, Leanna Jarrells, Ron Brown, and Bobby Martens move pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) to dismiss plaintiff's complaint.

As grounds for the motion, defendants assert that the United States is the only proper party defendant and the other defendants, the Department of the Treasury, the Internal Revenue Service, the Department of Justice, Leanna Jarrells, Ron Brown, and Bobby Martens, must be dismissed. The Administrative Procedures Act does not provide a cause of action for plaintiff's challenge to the Service's administrative

summonses.  Finally, plaintiff's claims for declaratory and injunctive relief are barred by the Declaratory Judgment Act and the Anti-Injunction Act..

A memorandum of law in support of this motion as well as a proposed order are filed concurrently with this motion.

Dated: March 10, 2008

Respectfully submitted,

    /s/ Benjamin J. Weir
BENJAMIN J. WEIR (D.C. Bar No. 494045)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-0855
Fax: (202) 514-6866
benjamin.j.weir@usdoj.gov
*Counsel for the United States, Department of the Treasury, Internal Revenue Service, Department of Justice, Title 26 U.S.C. §7201, Title 26 U.S.C. § 7203, Title 26 U.S.C. § 7851, Leanna Jarrells, Ron Brown, Bobby Martens, and Does 1 through 5.*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on March 10, 2008 a copy of the foregoing

Defendants' Motion to Dismiss was served upon the following via postage prepaid U.S. Mail:

>RODNEY K. JUSTIN
>Plaintiff *pro se*
>620 Virginia Drive
>Woodleaf, NC  27054.

/S/ Benjamin J. Weir
BENJAMIN J. WEIR

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RODNEY K. JUSTIN, | ) |
|        Plaintiff, | ) |
| v. | ) No.: 1:07-cv-02334 |
| UNITED STATES, a federal corporation DEPARTMENT OF THE TREASURY; THE INTERNAL REVENUE SERVICE; THE DEPARTMENT OF JUSTICE; TITLE 26 U.S.C. §7201; TITLE 26 U.S.C. §7203; TITLE 26 U.S.C. § 7851; LEANNA JARRELLS, in her official capacity; RON BROWN in his official capacity; BOBBY MARTENS in his official capacity; and DOES 1 through 5, inclusive, | ) ) ) ) ) ) ) ) ) ) ) |
|        Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THIER MOTION TO DISMISS**

Rodney Justin, once again challenging the United States' tax collection activities[1], seeks to challenge administrative summonses and asserts various shop-worn constitutional challenges, which courts have uniformly rejected in similar instances. For the reasons set forth below, the Department of the Treasury, Internal Revenue Service, Department of Justice, Leanna Jarrells, Ron Brown, and Bobby Martens should be

---

[1] See Justin v. United States, No. 5:05-cv-279 (USDC W.D.N.C.), wherein plaintiff challenged various administrative summonses. The Court denied plaintiff's challenge and granted the United States motion to dismiss.

dismissed as the United States is the proper party defendant.[2]  For the reasons set forth below, plaintiff's claims should be dismissed.

## I. The United States of America is the proper party defendant

The Department of the Treasury, Internal Revenue Service and the Department of Justice are not authorized to sue or be sued *eo nomine*, and therefore, the Court lacks jurisdiction over the persons of the Department of the Treasury, the Internal Revenue Service, and the Department of Justice.  See ,e.g., Murphy v. Internal Revenue Service, 493 F.3d 170, 174 (D.C. Cir. 2007); Enax v. United States, No. 8:05cv2124, 2006 U.S. Dist. LEXIS 46023 at *4 (M.D. Fla. July 7, 2006) (dismissing the Service as a named defendant because Congress has not waived sovereign immunity and authorized it be sued *eo nomine*); Fairchild v. Internal Revenue Service, 450 F. Supp. 2d 654, 657 (M.D. La. 2006)(dismissing the Service as a party and noting that a 28 U.S.C. §2410 claim may only be brought against the United States).

Leanna Jarrells, Ron Brown, Bobby Martens and Does 1 through 5 are not a proper parties to this action.  Justin seeks to challenge administrative summonses, potential federal prosecution, and raise various constitutional challenges.  Additionally, plaintiff is suing the defendants in there "official capacity."  Thus, the Court should dismiss Leanna Jarrells, Ron Brown, Bobby Martens, and Does 1 through 5 as the United States is the only proper party defendant.  Baur v. TRW Corp., 872 F.2d 1023, *1

---

[2]Plaintiff also names "Title 26 U.S.C. § 7201, Title 26 U.S.C. § 7203, Title 26 U.S.C. § 7851" as defendants.  It goes without saying that federal statutes lack the capacity to be sued.  Nor has plaintiff identified or served "Does 1 through 5."

(6th Cir. 1989) (Table); Deleeuw v. Internal Revenue Service, 681 F.Supp. 402, 403-04 (E.D. Mich. 1987); Gudenau v. Gonzalez, No. 07-00328, 2007 U.S. Dist. LEXIS 70316 at *5 (D. Haw. Sept. 21, 2007) (stating that a "lawsuit against a federal employee acting in his or her official capacity is in essence an action against the United States itself" and noting the Court may substitute the United States as the party defendant pursuant to 28 U.S.C. § 2679(d)(1)); see also Roundtree v. Snow, No. 05-0693, 2006 U.S. Dist. LEXIS 33156 at *4 (N.D. Okla. May 23, 2006) (holding that the plaintiff may not sue government employees in their individual capacities because "[c]learly established law dictates that this Court treat plaintiff's claim as if it had been brought directly against the United States.").

The only proper party respondent in this matter is the United States. Murphy v. United States, 493 F.3d at 173-74. The Department of the Treasury, Internal Revenue Service, Department of Justice, Leanna Jarrells, Ron Brown, Bobby Martens, and Does 1 through 5 should, therefore, be dismissed as parties in this action.

## II. Plaintiff cannot challenge the administrative summonses because sovereign immunity has not been waived

Count I of plaintiff's complaint challenges the administrative summons issued by the Service. (Compl. 15.) Contrary to plaintiff's assertion, the Administrative Procedures Act does not provide a cause of action for such a claim. The APA provides that it does not confer "authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702.

Moreover, the sovereign immunity of the United States has been preserved with respect to tax controversies and the APA.  See Murphy, 493 F.3d at 174.

Sovereign immunity permitting suits to challenge administrative summonses has been waived pursuant to 26 U.S.C. § 7609.  The APA, therefore, facially does not provide a cause of to challenge administrative summonses because sovereign immunity has been waived in another statute.  Plaintiff has availed himself to the remedy sought in 26 U.S.C. § 7609, and his claims were dismissed.  Justin v. United States, No. 5:05cv279 (USDC W.D.N.C.).

The APA does not provide a cause of action to challenge administrative summonses.  Count I of plaintiff's complaint must be dismissed.

### III. Plaintiffs' requests for injunctive relief and declaratory relief are barred by the Declaratory Judgment Act and the Anti-Injunction Act

Counts II - VII of plaintiff's complaint seek declaratory or injunctive relief establishing that:  (1) the Defendants improperly assessed and/or collected taxes in violation of administrative procedures; (2) that criminal tax collection statutes are void for vagueness; (3) the statutes under Subtitle F of the internal revenue code have not been enacted by Congress and are not entitled to the weight of law; and (4) that the Internal Revenue Service is not authorized to administer the internal revenue laws. (Compl. counts II-VII.)

Once again, plaintiff's suit collides with the well-established principle that Congress has preserved the immunity of the United States from declaratory and injunctive relief with respect to all tax controversies except those pertaining to the

classification of organizations under 26 U.S.C. § 501(c). Murphy, 493 F.3d at 174. The Declaratory Judgment Act explicitly states that a declaratory action cannot be brought "with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986". 28 U.S.C. § 2201. Section 7428 is inapplicable to this case as it pertains to tax exempt status pursuant to 26 U.S.C. § 501. Counts II - VII of plaintiff's complaint each challenge federal tax laws and he is precluded from obtaining declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201.

The Anti-Injunction Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's complaint. See 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection or assessment of taxes. See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F. Supp. 12, 13 (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case. In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiff to demonstrate that his suit

falls within the purview of the judicially-created exception to the Anti-Injunction Act. <u>Bowers v. United States</u>, 423 F.2d 1207, 1208 (5th Cir. 1970).

Justin has failed to allege, let along fulfill, this burden.  Sovereign immunity has not been waived.  Indeed, the Anti-Injunction Act and Declaratory Judgment Acts preclude this court from having jurisdiction.  <u>See</u> <u>Foodservice & Lodging Institute, Inc. v. Reagan</u>, 809 F.2d at 844-45; 28 U.S.C. § 2201.  As such, these claims must be dismissed.

## CONCLUSION

This Court should dismiss the action for the following reasons.  First, Department of the Treasury, Internal Revenue Service, Department of Justice, Leanna Jarrells, Ron Brown, Bobby Martens, and Does 1 through 5 are not party parties defendant and should be dismissed from this action.  Second, sovereign immunity has not been waived regarding the plaintiff's challenges to the administrative summonses, Constitutional claims, requests for injunctive and declaratory relief.  The motion to dismiss should be granted.

Dated: March 10, 2008.

                                                Respectfully submitted,

                                                ____/s/ Benjamin J. Weir_____
BENJAMIN J. WEIR (D.C. Bar No. 494045)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-0855
Fax: (202) 514-6866
benjamin.j.weir@usdoj.gov
*Counsel for the United States, Department of the Treasury, Internal Revenue Service, Department of Justice, Title 26 U.S.C. §7201, Title 26 U.S.C. § 7203, Title 26 U.S.C. § 7851, Leanna Jarrells, Ron Brown, Bobby Martens, and Does 1 through 5.*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on March 10, 2008 a copy of the foregoing memorandum of law was served upon the following via postage prepaid U.S. Mail:

>RODNEY K. JUSTIN
>Plaintiff *pro se*
>620 Virginia Driv3e
>Woodleaf, NC  27054.


>/S/ Benjamin J. Weir
>BENJAMIN J. WEIR

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RODNEY K. JUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 1:07-cv-02334 |
| ) | |
| UNITED STATES, a federal ) | |
| corporation DEPARTMENT OF THE ) | |
| TREASURY; THE INTERNAL REVENUE ) | |
| SERVICE; THE DEPARTMENT OF ) | |
| JUSTICE; TITLE 26 U.S.C. §7201; ) | |
| TITLE 26 U.S.C. §7203; TITLE 26 ) | |
| U.S.C. § 7851; LEANNA JARRELLS, in ) | |
| her official capacity; RON BROWN ) | |
| in his official capacity; BOBBY ) | |
| MARTENS in his official capacity; ) | |
| and DOES 1 through 5, inclusive, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Having considered the complaint and the defendants' motion to dismiss, and for good cause shown, it is:

ORDERED that Defendant's motion to dismiss is GRANTED; and

ORDERED that the case be DISMISSED.

_____
UNITED STATES DISTRICT JUDGE

3115061.1