Rodney K. Justin
c/o 620 Virginia Drive
Woodleaf, North Carolina [27054]
(704) 278-4359

Plaintiff, in *pro se*

RECEIVED

APR - 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rodney K. Justin, A sentient human being, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, a Federal corporation, et al.; ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | Case No. 1:07-cv-02334-HHK <br><br> **AMENDED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS** |

Plaintiff, Rodney K. Justin, under the Fed.R.Civ.P. 6(b)(1), moves for an enlargement of time to respond to Defendants' Motion to Dismiss for the following good cause:

Compliance with LR 7(m) statement:

On April 1, 2008 at approximately 12:30 p.m. Plaintiff attempted to contact Defendants Counsel Benjamin J. Weir by telephone to confer regarding filing an enlargement of time to respond to the Motion to Dismiss. Attorney Weir was not available and Plaintiff left a voice-mail message stating the reason he was calling and requested a return call and left his telephone number.

On April 1, 2008 at approximately 12:45 p.m. Plaintiff received a return call and Attorney Benjamin J. Weir, who informed Plaintiff that he did not object to a 30-day enlargement.

1. **As grounds for this motion, Plaintiff asserts that an enlargement of time is necessary for the following good cause:**

   a. Plaintiff is not an attorney and currently has no counsel and is proceeding on his own behalf, in *pro se*;

   b. Plaintiff's work schedule is beyond 40 hours a week, which limits Plaintiff's ability to research this case and prepare his responsive memorandum;

   c. Because of the complexity of Defendant's Motion and because there is much research necessary to assemble and analyze the relevant records and research – not only the federal procedures, also case law – to prepare an adequate response to said motion to dismiss.

2. The specific relief sought by this motion is an Order enlarging the time for Plaintiff to serve response to the motion by thirty (30) days from the date of the Court's Order.

## MEMORANDUM OF AUTHORITIES

3. <u>Introduction</u>. Defendants filed a Motion to Dismiss on March 10, 2008.

4. <u>The time for the Plaintiff to serve a response</u>. According to LCvR 7(b), "Within 11 days of the date of service or at such time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion . . ." plus three (3) days for service by mail according to Fed.R.Civ.P. 5(b)(2)(B); therefore, the response is due on March 24, 2008. Moreover, Plaintiff Rodney K. Justin just received the Court Order of March 13, 2008, where the Court "ORDERED that Plaintiff file an opposition to defendant's motion on or before April 11, 2008."

5. <u>Compliance with the pleading deadline</u>. Additional time is needed by Plaintiff to research, assemble and analyze the relevant records and the federal rules of civil procedures, but

also to research case law to prepare adequate response to the motion to dismiss within the period of time prescribed.

6. <u>Relief requested</u>. The process of researching and preparing an adequate response to said motion to dismiss is likely to be completed within an additional thirty (30) day period.

7. <u>The Court has discretion to grant this motion</u>. Under Fed.R.Civ.P. 6(b)(1), the Court for cause shown, may enlarge the time for answering, moving, or otherwise plead. See <u>Poe v. Christina Cooper Mines, Inc.</u>, 15.F.R.D. 85, 87-88 (D.Del. 1953). The revisers of Professor Moore's treaties on procedure have commented:

> "When a party requests an extension before the time period has elapsed, pursuant to Rule 6(b)(1), the district court usually will be liberal in granting the request. Rule 6(b) allows the court to enlarge time periods in its discretion "for cause shown." What cause must be shown is not specifically set out in Rule 6(b), but some justification for the enlargement seems to be required. The court generally will find that cause has been shown and grant the extension unless the moving party has been negligent, shown bad faith, or abused the privilege of extensions."

1 Daniel R. Coquillette, et al., <u>Moore's Federal Practice</u>, § 6.06[2], p.6-4.01 (1999) (footnotes omitted); <u>Baden v. Craig-Hallum, Inc.</u>, 115 F.R.D. 582, 585 (D. Minn. 1987).

8. Plaintiff has not been guilty of negligence or bad faith, nor has Plaintiff abused the privilege of extensions.

9. <u>Summary</u>. The Court should exercise its discretion to grant the requested enlargement of time in the interest of justice and for cause shown.

## CONCLUSION

It is the position of the Plaintiff that the motion for enlargement of time to respond to Defendant's Motion to Dismiss ought to be granted.

**WHEREFORE**, the Plaintiff moves for an enlargement of time to serve a response by thirty (30) days from the date of the Court's Order.

Respectfully submitted.

## VERIFICATION

I, Rodney K. Justin, declare under penalty of perjury under the laws of the United States of America and of the state of North Carolina, that the foregoing is true and correct.

On this 5th day of April, 2008

_____
Rodney K. Justin, Plaintiff

## CERTIFICATE OF SERVICE

I, Rodney K. Justin, hereby certify that on the 5th day of April 2008, I served a true and correct copy of the foregoing Motion for Enlargement of Time to Respond to Defendants' Motion to Dismiss with Memorandum of Points and Authorities and proposed Order by depositing copies in the United States mail, postage prepaid, addressed as follows:

Benjamin J. Weir
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044

_____
Rodney K. Justin

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rodney K. Justin, A sentient human being, ) | |
| ) | Case No. 1:07-cv-02334-HHK |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES, a Federal corporation; et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Having considered the Plaintiff's Amended Motion for Enlargement of Time to Respond to Defendants' Motion to Dismiss, and any opposition thereto, the Court concludes that the motion should be granted. Accordingly, it is this ____ day of _____, 2008

**ORDERED** that Plaintiff's Amended Motion for Enlargement of Time to Respond to Defendants' Motion to Dismiss is **GRANTED**;

**ORDERED** that the Plaintiff shall have an additional thirty (30) days until _____, 2008, in which to file and serve a responsive memorandum in opposition to the motion; and it is further

**ORDERED** that the Clerk shall distribute conformed copies of this order to the representative of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

1

COPIES TO:

Benjamin J. Weir
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044

Rodney K. Justin
c/o 620 Virginia Drive
Woodleaf, North Carolina [27054]

2