IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RODNEY K. JUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:07-cv-02334 |
| | ) | |
| UNITED STATES, a federal | ) | |
| corporation DEPARTMENT OF THE | ) | |
| TREASURY; THE INTERNAL REVENUE | ) | |
| SERVICE; THE DEPARTMENT OF | ) | |
| JUSTICE; TITLE 26 U.S.C. §7201; | ) | |
| TITLE 26 U.S.C. §7203; TITLE 26 | ) | |
| U.S.C. § 7851; LEANNA JARRELLS, in | ) | |
| her official capacity; RON BROWN | ) | |
| in his official capacity; BOBBY | ) | |
| MARTENS in his official capacity; | ) | |
| and DOES 1 through 5, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

This case concerns Rodney K. Justin's frivolous tax defier assertions that: (1)

various federal tax laws are unconstitutional; (2) that the Internal Revenue Service

issued procedurally defective administrative summonses; and (3) the Service's tax

collection activities are invalid because an assessment had not been made against

plaintiff.

**I.      Justin does not challenge that the United States is the only proper party
defendant or that declaratory relief is barred by the Declaratory
Judgment Act**

Defendants' motion to dismiss asserted that the United States was the only

proper party defendant in this action and that declaratory relief was barred by the

Declaratory Judgment Act.  (Def.'s Mem. of Law. 2-4.)  Plaintiff's response to

defendants' motion to dismiss did not challenge these assertions.  As such, the

Department of the Treasury, Internal Revenue Service, Department of Justice, Leanna

Jarrells, Ron Brown, Bobby Martens, and Does 1 through 5 should be dismissed as

parties in this action, and Counts II - VII of plaintiff's complaint should be dismissed

because they are barred by the Declaratory Judgment Act.  See LCvR 7(b) (permitting a

motion to be treated as conceded if it is not opposed); see also Murphy v. Internal

Revenue Service, 493 F.3d 170, 174 (D.C. Cir. 2007); Baur v. TRW Corp., 872 F.2d 1023,

*1 (6th Cir. 1989); 28 U.S.C. § 2201.

### II.    Sovereign immunity has not been waived regarding Justin's claims

### a.    The APA does not provide a cause of action for challenging administrative summonses

Justin's claim that the Administrative Procedure Act has waived sovereign

immunity regarding his challenge to the Service's administrative summonses is

incorrect.  (Pl.'s Resp. 9.)  The APA does not provide a remedy when another statute has

waived sovereign immunity.  5 U.S.C. § 702.  Here, sovereign immunity permitting suits

to challenge administrative summonses has been waived pursuant to 26 U.S.C. § 7609.

Indeed, Justin has already availed himself to this remedy and his claims were

dismissed.   Justin v. United States, No. 5:05cv279 (W.D.N.C.)

Sovereign immunity has not been waived permitting Justin to challenge the

Service's administrative summonses via the APA.  Count I must be dismissed.

- 2 -

**b.     Justin's claims that he has exhausted his administrative remedies is immaterial**

Justin relies on <u>Jones v. Block</u>, 127 S. Ct. 910 (2007), claiming that he has exhausted his administrative remedies, which he claims confers this court with subject matter jurisdiction.  (Pl.'s Resp. 6-8.)  This claim is baseless and incorrect.  <u>Jones v. Block</u>, and the other cases upon which Justin relies, involved claims for damages pursuant to 26 U.S.C. § 7433.  Justin's complaint did not assert claims pursuant to section 7433 and, thus, <u>Jones v. Block</u> is of no import in this case.[1]

**c.     The judicial exceptions to the Anti-Injunction Act are inapplicable**

Justin claims that the jurisdictional bar contained in the Anti-Injunction Act does not apply because he meets the exceptions delineated in <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962), whereby sovereign immunity is waived (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act.  <u>Bowers v. United States</u>, 423 F.2d 1207, 1208 (5th Cir. 1970).

Justin does not fall under the judicial exceptions to the Anti-Injunction Act for two reasons.  First, he cannot establish that under no circumstances could the United

---

[1]Exhaustion of administrative remedies is merely a predicate to sovereign immunity being waived for claims pursuant to section 7433.  Exhaustion of administrative remedies does not, however, create a blanket waiver of sovereign immunity.

3300720.1

States prevail.  Second, equity jurisdiction is not available because he would otherwise have an adequate remedy at law.

Justin's claim that the Service has not assessed federal tax deficiencies against him is unfounded.   The Service has made the following assessments:

| Type of Tax | Tax Period | Date of Assessment |
|---|---|---|
| Income | December 31, 1997 | March 1, 2004 |
| Income | December 31, 1999 | May 12, 2003 |
| Income | December 31, 1999 | December 22, 2003 |
| Income | December 31, 2000 | April 19, 2004 |

(See Certificate of Official Record, filed herewith as Exhibit 1.)[2]  As such, Justin's claim that the Service acted improperly by issuing administrative summonses and notices of levy prior to assessing federal tax liabilities against him is incorrect.

Justin's claim is additionally barred under the Anti-Injunction Act because he cannot establish that equity jurisdiction otherwise exists in this case.  Justin asserts that the Anti-Injunction Act does not apply because the defendants seek to "put the cart before the horse and 'prosecute' the Plaintiff criminally prior to the assessment of an alleged federal tax liability. . ."  (Pl.'s Resp. ¶ 41.)  Such a claim is insufficient to negate the Anti-Injunction Act.  See Martens v. United States, No. 05-1805, 2007 WL 2007580 at * 5 (D.D.C. July 6, 2007) (holding that plaintiff's "allegations [that there was no valid

---

[2]When making a determination of whether to dismiss for lack of subject matter jurisdiction, it is "well establish" that a court may "consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." Martens v. United States, No. 05-1805, 2007 WL 2007580 at * 1 (D.D.C. July 6, 2007).

3300720.1

assessments] are made in a conclusory manner and assert no specific facts".); <u>Buaiz v. United States</u>, No. 06-1312, 2007 WL 981629 at *2 (D.D.C. Mar. 30, 2007) (holding that plaintiff could not establish the equity jurisdiction exception to the Anti-Injunction Act because he could file a claim for refund to challenge the underlying federal tax assessment.); <u>Erwin v. United States</u>, No. 05-1698, 2006 WL 2660296 at *8-9 (D.D.C. Sept. 15, 2006) (same).

**Conclusion**

Defendants' motion to dismiss should be granted in full.  First, the United States is the only proper party defendant in this action.  Second, sovereign immunity has not been waived regarding plaintiff's challenges regarding the issuance of administrative summonses.  Finally, the Anti-Injunction Act and Declaratory Judgment Act specifically preclude plaintiff's claims.

3300720.1

Dated: May 27, 2008.

Respectfully submitted,

_____/s/ Benjamin J. Weir_____
BENJAMIN J. WEIR (D.C. Bar No. 494045)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-0855
Fax: (202) 514-6866
benjamin.j.weir@usdoj.gov
*Counsel for the United States, Department of
the Treasury, Internal Revenue Service,
Department of Justice, Title 26 U.S.C. §7201,
Title 26 U.S.C. § 7203, Title 26 U.S.C. § 7851,
Leanna Jarrells, Ron Brown, Bobby Martens,
and Does 1 through 5.*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

3300720.1

CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on May 27, 2008 a copy of the foregoing was served upon the following via postage prepaid U.S. Mail:


RODNEY K. JUSTIN
Plaintiff *pro se*
620 Virginia Drive
Woodleaf, NC  27054.


/S/ Benjamin J. Weir
BENJAMIN J. WEIR

- 7 -

# EXHIBIT 1

2915584.1



**United States**　　　　　　　　**of America**

### Department of the Treasury
### Internal Revenue Service

Date:　JAN　2003

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: is an IMF MCC Transcript-IMF Literal, captioned Rodney K. Justin, ███████ 620 Virginia Dr, Woodleaf, NC 27054-9356-207, for the taxable years ended December 31, 1997, December 31, 1998, December 31, 1999, December 31, 2000, and December 31, 2001, consisting of 14 pages

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By the direction of the Secretary of the Treasury:

*R.L. Commerson*

R.L. Commerson
Disclosure Manager 07

Catalog Number 19002E　　　　　*U S GPO 1997-417-690/61741　　　Form **2866** (Rev. 09-97)

000771

PAGE NO-0001

*IMF MCC TRANSCRIPT-IMF LITERAL*

EMP NO 69-411-53782
AAC DSMITH

ACCOUNT NO ▮▮▮▮▮▮▮                    01-28-2008
NAME CONT- JUST                       CYCLE-200805
*************************************************************************
FOR-6941153782 BY-6941153782 ON-01282008 TYP-X-30-199712
TIME-10:29 SRC-I   AAC DSMITH          PROCESSED ON-029
                                       REQUESTED TAX MODULE FOUND ON MF

PAGE NO-0001

DATE REQUESTED 01-28-2008

FORM NUMBER: 1040A

IRS EMPLOYEE 6941153782

PRINT DATE 01-28-2008

TAX PERIOD: DEC  1997

            ** TAXPAYER IDENTIFICATION NUMBER: 
     ** SPOUSE TAXPAYER IDENTIFICATION NUMBER:

RODNEY K JUSTIN
620 VIRGINIA DR
WOODLEAF        NC 27054-9356-207        BODC-WI BODCLC-

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

    ACCOUNT BALANCE:          0.00
    ACCRUED INTEREST:        0.00   AS OF 02-04-2008
    ACCRUED PENALTY:         0.00   AS OF 02-04-2008

    ACCOUNT BALANCE
      PLUS ACCRUALS:        0.00

** EXEMPTIONS: 01             **FILING STATUS: MARRIED FILING SEPARATE
** ADJUSTED GROSS INCOME:    181,208.00
** TAXABLE INCOME:       177,758.00
   TAX PER RETURN:         0.00

** PER RETURN OR AS ADJUSTED

06-25-2002 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
07-29-2002 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN | 07-29-2002 | 0.00 |
|  | 29210-180-25622-2 |  |  |
| 460 | EXTENSION OF TIME TO FILE | 04-15-1998 |  |
|  | EXT. DATE  08-15-1998 |  |  |
| 460 | EXTENSION OF TIME TO FILE | 04-15-1998 |  |
|  | EXT. DATE  10-15-1998 |  |  |
| 960 | RECEIVED POA/TIA | 01-02-2001 |  |
| 961 | REMOVED POA/TIA | 10-28-2002 |  |
| 960 | RECEIVED POA/TIA | 03-21-2003 |  |
| 560 | ASSESSMENT STATUTE EXPIR | 04-16-2003 |  |
|  | DATE EXTEND TO 04-29-2004 |  |  |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 03-29-2004 | 0.00 |
|  | 29247-470-00012-4  20041108 |  |  |
| 300 | QUICK ASSESSMENT | 03-01-2004 | 57,548.00 |
|  | 29251-061-13404-4 |  |  |
| 160 | LATE FILING PENALTY | 03-01-2004 | 5,073.30 |
|  | 20041108 |  |  |
| 190 | INTEREST ASSESSED | 03-01-2004 | 14,147.54 |

****************************CONTINUED ON NEXT PAGE****************************

IRS EMPLOYEE 6941153782

PAGE NO-0002

| | | | |
|---|---|---|---|
| | 20041108 | | |
| 800 | WITHHOLDING CREDIT | 04-15-1998 | 35,000.00- |
| 197 | INTEREST ABATED | 03-29-2004 | 171.47- |
| 582 | FEDERAL TAX LIEN | 08-20-2004 | |
| 971 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE | 08-18-2004 | |
| | LEVY NOTICE ISSUED | | |
| 971 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE | 08-23-2004 | |
| | RETURN RECEIPT SIGNED | | |
| 582 | FEDERAL TAX LIEN | 02-18-2005 | |
| 670 | SUBSEQUENT PAYMENT | 04-13-2005 | 47,473.51- |
| | LEVY | | |
| 196 | INTEREST ASSESSED | 05-09-2005 | 2,172.10 |
| | 20051708 | | |
| 276 | FAILURE TO PAY TAX PENALTY | 05-09-2005 | 2,705.76 |
| | 20051708 | | |
| 977 | AMENDED RETURN FILED | 12-29-2005 | 0.00 |
| | 28277-424-06784-6 | | |
| 290 | CLAIM DISALLOWED | 09-25-2006 | 0.00 |
| | 28254-648-98249-6 | | |
| 197 | INTEREST ABATED | 09-25-2006 | 0.01- |
| 386 | OVERPAYMENT CLEARED | 09-25-2006 | 0.01 |

000772

PAGE NO-0001

```
                        *IMF MCC TRANSCRIPT-IMF LITERAL*          EMP NO 69-411-53782
                                                                      AAC DSMITH

   ACCOUNT NO ███████████             01-28-2008
   NAME CONT- JUST                    CYCLE-200805
**************************************************************************************
FOR-6941153782 BY-6941153782 ON-01292008 TYP-X-30-199812
TIME-13:42 SRC-I   AAC DSMITH              PROCESSED ON-029
                                           REQUESTED TAX MODULE FOUND ON MF
```

PAGE NO-0001

DATE REQUESTED 01-29-2008

FORM NUMBER: 1040A

IRS EMPLOYEE 6941153782

PRINT DATE 01-28-2008

TAX PERIOD: DEC 1998

TAXPAYER IDENTIFICATION NUMBER: ██████████
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: ██████████

RODNEY K JUSTIN
620 VIRGINIA DR
WOODLEAF             NC 27054-9356-207          BODC-WI BODCLC-

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

```
    ACCOUNT BALANCE:          125,108.87
    ACCRUED INTEREST:          43,817.93   AS OF 02-04-2008
    ACCRUED PENALTY:                0.00   AS OF 02-04-2008

    ACCOUNT BALANCE
        PLUS ACCRUALS:        168,926.80
```

```
** EXEMPTIONS: 01                    **FILING STATUS: MARRIED FILING SEPARATE
** ADJUSTED GROSS INCOME:    218,811.00
** TAXABLE INCOME:           215,261.00
    TAX PER RETURN:                0.00
```

** PER RETURN OR AS ADJUSTED

10-26-2000 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
11-20-2000 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN | 11-20-2000 | 0.00 |
| | 72210-300-00569-0 | | |
| 960 | RECEIVED POA/TIA | 01-02-2001 | |
| 560 | ASSESSMENT STATUTE EXPIR | 03-16-2001 | |
| | DATE EXTEND TO 10-26-2003 | | |
| 520 | LEGAL/BANKRUPTCY SUIT     PENDING | 11-08-2001 | |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 12-03-2001 | 0.00 |
| | 49247-717-10013-1  20014708 | | |
| 961 | REMOVED POA/TIA | 10-28-2002 | |
| 960 | RECEIVED POA/TIA | 03-21-2003 | |
| 270 | FAILURE TO PAY TAX PENALTY | 05-12-2003 | 7,054.50 |
| | 20031808 | | |
| 160 | LATE FILING PENALTY | 05-12-2003 | 15,872.62 |
| | 20031808 | | |
| 806 | WITHHOLDING CREDIT | 04-15-1999 | 1,500.00- |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 05-12-2003 | 72,045.00 |
| | 49247-513-70000-3  20031808 | | |
| 521 | LEGAL/BANKRUPTCY SUIT NO LONGER PENDING | 04-23-2003 | |

***************************CONTINUED ON NEXT PAGE***************************

PAGE NO-0002                                    IRS EMPLOYEE 6941153782

| | | | |
|---|---|---|---|
| 336 | INTEREST ASSESSED | 05-12-2003 | 30,231.12 |
| 270 | FAILURE TO PAY TAX PENALTY | 09-08-2003 | 5,290.88 |
| | 20033508 | | |
| 290 | ADDITIONAL TAX ASSESSED | 09-08-2003 | 0.00 |
| | 07254-630-18004-3  20033508 | | |
| 582 | FEDERAL TAX LIEN | 08-20-2004 | |
| 971 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE | 08-18-2004 | |
| | LEVY NOTICE ISSUED | | |
| 971 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE | 08-23-2004 | |
| | RETURN RECEIPT SIGNED | | |
| 360 | FEES AND COLLECTION COSTS | 09-20-2004 | 6.00 |
| 582 | FEDERAL TAX LIEN | 02-18-2005 | |
| 360 | FEES AND COLLECTION COSTS | 03-14-2005 | 24.00 |
| 670 | SUBSEQUENT PAYMENT | 04-13-2005 | 7,109.49- |
| | LEVY | | |
| 977 | AMENDED RETURN FILED | 12-29-2005 | 0.00 |
| | 28277-424-06785-6 | | |
| 290 | CLAIM DISALLOWED | 09-25-2006 | 0.00 |
| | 28254-648-98250-6 | | |

000774

PAGE NO-0001

*IMF MCC TRANSCRIPT-IMF LITERAL*               EMP NO 69-411-53782
                                                        AAC DSMITH

ACCOUNT NO ████████████          01-28-2008
NAME CONT- JUST                  CYCLE-200805
*****************************************************************************
FOR-6941153782 BY-6941153782 ON-01292008 TYP-X-30-199912
TIME-13:42 SRC-I   AAC DSMITH          PROCESSED ON-029
                                       REQUESTED TAX MODULE FOUND ON MF

PAGE NO-0001

DATE REQUESTED 01-29-2008

FORM NUMBER: 1040A

IRS EMPLOYEE 6941153782

PRINT DATE 01-28-2008

TAX PERIOD: DEC  1999

```
                  TAXPAYER IDENTIFICATION NUMBER: ████████████
        ** SPOUSE TAXPAYER IDENTIFICATION NUMBER: ████████████
```

RODNEY K JUSTIN
620 VIRGINIA DR
WOODLEAF                    NC 27054-9356-207          BODC-WI BODCLC-

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

```
     ACCOUNT BALANCE:         17,485.57
     ACCRUED INTEREST:         5,339.41    AS OF 02-04-2008
     ACCRUED PENALTY:              0.00    AS OF 02-04-2008

     ACCOUNT BALANCE
        PLUS ACCRUALS:        22,824.98
```

```
                                    **FILING STATUS: MARRIED FILING SEPARATE
** EXEMPTIONS: 01
** ADJUSTED GROSS INCOME:    49,758.00
** TAXABLE INCOME:           43,408.00
   TAX PER RETURN:                0.00
```

** PER RETURN OR AS ADJUSTED

06-25-2002 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
07-29-2002 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN | 07-29-2002 | 0.00 |
|  | 29210-180-25623-2 | 01-02-2001 | |
| 960 | RECEIVED POA/TIA | 10-28-2002 | |
| 961 | REMOVED POA/TIA | 03-21-2003 | |
| 960 | RECEIVED POA/TIA | 12-22-2003 | 2,106.23 |
| 160 | LATE FILING PENALTY | | |
|  | 20035008 | 12-22-2003 | 9,361.00 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | | |
|  | 29247-732-00400-3  20035008 | 12-22-2003 | 3,225.05 |
| 336 | INTEREST ASSESSED | | |
|  | 20035008 | 12-22-2003 | 2,106.22 |
| 276 | FAILURE TO PAY TAX PENALTY | | |
|  | 20035008 | 08-20-2004 | |
| 582 | FEDERAL TAX LIEN | 08-18-2004 | |
| 971 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | |
| 971 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED | 08-23-2004 | |

***************************CONTINUED ON NEXT PAGE*********************************

IRS EMPLOYEE 6941153782

PAGE NO-0002

|  |  |  |  |
|---|---|---|---|
| | | 02-18-2005 | |
| 582 | FEDERAL TAX LIEN | 11-28-2005 | 234.03 |
| 276 | FAILURE TO PAY TAX PENALTY | | |
| | 20054608 | 12-29-2005 | 0.00 |
| 977 | AMENDED RETURN FILED | | |
| | 28277-424-06782-6 | 09-25-2006 | 0.00 |
| 290 | CLAIM DISALLOWED | | |
| | 28254-648-98251-6 | | |

000776

PAGE NO-0001

*IMF MCC TRANSCRIPT-IMF LITERAL*                    EMP NO 69-411-53782
                                                          AAC DSMITH

ACCOUNT NO ███████████                01-28-2008
NAME.CONT- JUST                       CYCLE-200805
*****************************************************************************
FOR-6941153782 BY-6941153782 ON-01292008 TYP-X-30-200012
TIME-13:43 SRC-I   AAC DSMITH              PROCESSED ON-029
                                           REQUESTED TAX MODULE FOUND ON MF

PAGE NO-0001

IRS EMPLOYEE 6941153782

DATE REQUESTED 01-29-2008

PRINT DATE 01-28-2008

FORM NUMBER: 1040A

TAX PERIOD: DEC  2000

                    TAXPAYER IDENTIFICATION NUMBER: ████████
        ** SPOUSE TAXPAYER IDENTIFICATION NUMBER: ████████

        RODNEY K JUSTIN
        620 VIRGINIA DR
        WOODLEAF            NC 27054-9356-207         BODC-WI BODCLC-

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

        ACCOUNT BALANCE:          9,573.70
        ACCRUED INTEREST:         2,733.53    AS OF 02-04-2008
        ACCRUED PENALTY:              0.00    AS OF 02-04-2008

        ACCOUNT BALANCE
            PLUS ACCRUALS:       12,307.23


** EXEMPTIONS: 01                    **FILING STATUS: MARRIED FILING SEPARATE
** ADJUSTED GROSS INCOME:        36,078.00
** TAXABLE INCOME:               29,603.00
    TAX PER RETURN:                  0.00

** PER RETURN OR AS ADJUSTED

06-25-2002 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
07-29-2002 PROCESSING DATE

                            TRANSACTIONS

                                                        MONEY AMOUNT
                                                        (IF APPLICABLE)
CODE            EXPLANATION                    DATE
 150 NO RETURN FILED SUBSTITUTE FOR RETURN   07-29-2002        0.00
     29210-180-25624-2
 960 RECEIVED POA/TIA                        01-02-2001
 961 REMOVED POA/TIA                         10-28-2002
 960 RECEIVED POA/TIA                        03-21-2003
 160 LATE FILING PENALTY                     04-19-2004    1,225.13
     20041408
 300 ADDITIONAL TAX ASSESSED BY EXAMINATION  04-19-2004    5,445.00
     29247-491-00050-4  20041408
 336 INTEREST ASSESSED                       04-19-2004    1,251.46
     20041408
 276 FAILURE TO PAY TAX PENALTY              04-19-2004    1,007.32
     20041408
 582 FEDERAL TAX LIEN                        08-20-2004
 971 INTENT TO LEVY COLLECTION DUE PROCESS NOTICE  08-18-2004
     LEVY NOTICE ISSUED
 971 INTENT TO LEVY COLLECTION DUE PROCESS NOTICE  08-23-2004
     RETURN RECEIPT SIGNED

*************************CONTINUED ON NEXT PAGE************************

PAGE NO-0002                                         IRS EMPLOYEE 6941153782

```
582 FEDERAL TAX LIEN                    02-18-2005
276 FAILURE TO PAY TAX PENALTY          11-28-2005              353.93
    20054608
977 AMENDED RETURN FILED                12-29-2005               0.00
    28277-424-06783-6
290 CLAIM DISALLOWED                    09-25-2006               0.00
    28254-648-98252-6
977 AMENDED RETURN FILED                02-16-2006               0.00
    89277-657-04670-6
```

000778

PAGE NO-0001

*IMF MCC TRANSCRIPT-IMF LITERAL*

EMP NO 69-411-53782
AAC DSMITH

ACCOUNT NO ▮▮▮▮▮▮▮▮▮▮               01-28-2008
NAME CONT- JUST                     CYCLE-200805
*********************************************************************************
FOR-6941153782 BY-6941153782 ON-01292008 TYP-X-30-200112
TIME-13:43 SRC-I    AAC DSMITH            PROCESSED ON-029
                                          REQUESTED TAX MODULE FOUND ON MF

PAGE NO-0001

DATE REQUESTED 01-29-2008

FORM NUMBER: 1040A

IRS EMPLOYEE 6941153782

PRINT DATE 01-28-2008

TAX PERIOD: DEC  2001

TAXPAYER IDENTIFICATION NUMBER: ▮▮▮▮▮▮
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: ▮▮▮▮▮▮

RODNEY K JUSTIN
620 VIRGINIA DR
WOODLEAF                    NC 27054-9356-207           BODC-WI BODCLC-

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | |
|---|---|
| ACCOUNT BALANCE: | 0.00 |
| ACCRUED INTEREST: | 0.00    AS OF 02-04-2008 |
| ACCRUED PENALTY: | 0.00    AS OF 02-04-2008 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 0.00 |

** EXEMPTIONS: 01                           **FILING STATUS: MARRIED FILING SEPARATE
** ADJUSTED GROSS INCOME:     0.00
** TAXABLE INCOME:            0.00
   TAX PER RETURN:            0.00

** PER RETURN OR AS ADJUSTED

08-26-2003 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
10-27-2003 PROCESSING DATE

                                   TRANSACTIONS

|  |  |  | MONEY AMOUNT |
|---|---|---|---|
| CODE | EXPLANATION | DATE | (IF APPLICABLE) |
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN | 10-27-2003 | 0.00 |
|  | 29210-270-26445-3 |  |  |
| 960 | RECEIVED POA/TIA | 06-01-2001 |  |
| 961 | REMOVED POA/TIA | 10-28-2002 |  |
| 960 | RECEIVED POA/TIA | 03-21-2003 |  |
| 560 | ASSESSMENT STATUTE EXPIR | 08-02-2006 |  |
|  | DATE EXTEND TO 05-15-2009 |  |  |