UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RODNEY K. JUSTIN,<br><br>                Plaintiff,<br><br>        v.<br><br>UNITED STATES, et al.,<br><br>              Defendants. | Civil Action 07-02334 (HHK) |

**MEMORANDUM OPINION**

In a rambling prolix complaint, Rodney K. Justin, proceeding *pro se*, asserts various causes of action against the United States, the Department of the Treasury, the Internal Revenue Service, the Department of Justice, three identified individuals in their official capacity and five unidentified individuals.[1]  Justin charges that the United States unlawfully issued administrative summonses and unlawfully seeks to prosecute him.  He also contends that several provisions of the Internal Revenue Code  ("IRC"), 26 U.S.C. §§ 1 *et seq.*, are unconstitutionally vague and have not yet been enacted by Congress.  Finally, Justin claims that the Constitution and Congress do not authorize the Internal Revenue Service to administer the internal revenue laws.  Justin seeks declaratory and injunctive relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq*.

Before the court is the motion of the United States to dismiss Justin's complaint for lack of subject matter jurisdiction and for failure to state a claim under Federal Rules of Civil

---

[1] The United States argues that it is the only proper party defendant.  The United States is correct.  *See Murphy v. I.R.S.*, 493 F.3d 170, 174 (D.C. Cir. 2007).  Therefore, the court dismisses the case with respect to all of the other defendants and will refer to the United States as the defendant throughout this memorandum opinion.

Procedure 12(b)(1) and 12(b)(6) [#7].  Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion must be granted.

I.

This action arises out of a levy placed on Justin's income and a subsequent criminal investigation of and charge made against him for his alleged failure to pay taxes between 1997 and 2004.  Justin challenges both the United States' actions with respect to him and the validity of the internal revenue laws.  The court will first address Justin's challenges to the United States' actions individually, and then his challenges to the validity of internal revenue laws jointly.

Justin first challenges the United States' issuance of administrative summonses to third parties to obtain his financial records under the APA.  The United States argues that this court does not have jurisdiction over Justin's challenge because its sovereign immunity has not been waived for APA suits challenging an administrative summons.  Instead, the United States argues that sovereign immunity is waived, permitting suits to challenge administrative summonses, pursuant to 26 U.S.C. § 7609, and that Justin has availed himself of that remedy in another suit in which his claims were dismissed.  The United States is correct.

The APA does not confer "authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."  5 U.S.C. § 702.  Moreover, "Congress has preserved the immunity of the United States from declaratory and injunctive relief with respect to all tax controversies" except in specific instances.  *Murphy*, 493 F.3d at 174.  Here, Congress has created a specific mechanism for challenging administrative summonses, of which Justin has availed himself.  *See Justin v. United States*, 2006 WL 497219, at *1 (W.D.N.C. January 5, 2006).  Therefore, the court concludes that the APA does not create a cause of action

for Justin to challenge the issuance of the administrative summonses. *See Murphy*, 493 F.3d at 174; *see also Holt v. Davidson*, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (holding that "an action brought under the APA is barred if it concerns the assessment or collection of federal taxes").[2]

Justin next alleges that the United States' prosecution of him is unlawful because it began before he was issued a Notice of Deficiency for tax years 2001-2004 in violation of 26 U.S.C. § 6213(a). He alleges that "[d]efendants never assessed any tax or caused a notice and demand to pay any tax imposed . . . prior to empanelling [sic] the Grand Jury investigation and seeking prosecution." Compl. ¶ 43. The United States rejoins that Justin's claim is unfounded, attaching official records showing the tax assessments, Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss Ex. 1, and argues that Justin's claim is barred by the Anti-Injunction Act. Section 6213(a) states that "no levy or proceeding in court . . . [for collection of income tax] shall be made, begun, or prosecuted until [a notice of deficiency] has been mailed to the taxpayer" and a 90-day period has elapsed. 26 U.S.C. § 6213(a). "Notwithstanding the provisions of section 7421(a) [the Anti-Injunction Act], the . . . beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court . . . ." *Id*.

While the Anti-Injunction Act does not bar Justin's second count, this count must still be dismissed. Justin does not allege facts or provide documentation sufficient to support his allegation that a Notice of Deficiency was not issued, and merely states that it was not issued in a conclusory manner. *See Martens v. United States*, 2007 WL 2007580, at *5 n.6 (D.D.C. 2007)

---

[2] Moreover, even if Justin's claim that the issuance of the summonses was unlawful had been properly brought, this court would not have subject matter jurisdiction because this is not the judicial district in which the third-party recordkeepers are located. *See* 26 U.S.C. § 7609(h); *McCammon v. United States*, 584 F. Supp. 2d 193, 198 (D.D.C. 2008).

(holding that exceptions to the Anti-Injunction Act did not apply because plaintiffs did not allege a factual basis to support their conclusory allegations); *Lindsey v. United States*, 448 F. Supp. 2d 37, 58 n. 13 (D.D.C. 2006) (same).  Therefore, the court dismisses this count for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right of relief above the speculative level.") (internal citations omitted).

Justin's remaining counts allege that various internal revenue laws are invalid because they are unconstitutionally vague or have not yet been enacted by Congress, and that the Internal Revenue Service is not authorized to administer the internal revenue laws.  Justin seeks injunctive and declaratory relief.  The United States argues that these counts are all barred by the Declaratory Judgment Act and the Anti-Injunction Act, which bar declaratory and injunctive relief with respect to federal taxes.  Justin does not defend his request for declaratory relief, but argues that his requests for injunctive relief fall within an exception to the Anti-Injunction Act outlined in *Enochs v. Williams Packaging & Navigation Co.*, 370 U.S. 1, 7 (1962).  Justin's argument is without merit.

The Declaratory Judgment Act states that a declaratory action cannot be brought "with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code [pertaining to tax exempt status]."  28 U.S.C. § 2201(a).  The Anti-Injunction Act states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."  26 U.S.C. § 7421(a).  It "extends not only to the assessment or collection of taxes, but also the entire process involved in enforcing the revenue

laws." *Jericho Painting & Special Coating, Inc. v. Richardson*, 838 F. Supp. 626, 629 (D.D.C. 1993). The Supreme Court has recognized a narrow exception to the Anti-Injunction Act, stating that a suit for an injunction may be maintained if (1) under no circumstances could the government prevail, and (2) equity jurisdiction otherwise exists. *See Enochs*, 370 U.S. at 7. "Only if it is . . . apparent [at the time of the suit] that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained." *Id*. This exception is "extremely narrow." *Spencer v. Brady*, 700 F. Supp. 601, 604 (D.D.C. 1988). The burden is on the plaintiff to demonstrate that his suit falls within this exception. *Bowers v. United States*, 423 F.2d 1207, 1208 (5th Cir. 1970).

Justin has not alleged any facts that demonstrate that the United States cannot prevail under any circumstances. *See Lindsey*, 448 F. Supp. at 59-60 (considering a motion to dismiss and holding that plaintiffs' assertion that the United States could not rebut its claims was not enough to show that the *Enochs* exception applied). Moreover, Justin could have paid the taxes he allegedly owed and then challenged their underlying validity in a request for a refund; thus, an alternative form of relief exists. *See Erwin v. United States*, 2006 WL 2660296, at *9 (D.D.C. September 15, 2006) (concluding, in a case where plaintiffs sought to enjoin both civil and criminal prosecution, that paying the taxes allegedly owed and then claiming a refund provided the plaintiffs with an adequate form of alternative relief). Therefore, the narrow *Enochs* exception does not apply to this case, and all of Justin's remaining counts for injunctive and declaratory relief must be dismissed.

II.

For the foregoing reasons, the court concludes that the motion of the United States should be granted and Justin's complaint should be dismissed.  An appropriate order accompanies this memorandum opinion.

                                                                           Henry H. Kennedy, Jr.
                                                                           United States District Judge